IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Scottie Lee Slate,<br>    Petitioner, | )<br>)<br>) |
| v. | )  1:12cv1477 (CMH/TCB) |
| | ) |
| Marie M. Vargo,<br>    Respondent. | )<br>) |

F I L E D
JUL - 8 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Scottie Lee Slate, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his Circuit Court of the City of Chesapeake convictions of robbery, two counts of abduction by force, and use of a firearm in the commission of a felony. On October 28, 2013, respondent filed a Motion to Dismiss and Rule 5 Answer. Slate was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and has filed a reply. For the reasons that follow, Slate's claims must be dismissed.

### I. Background

On May 9, 2008, a City of Chesapeake jury found petitioner guilty of two counts of abduction by force and one count of robbery. Case Nos. CR07-2210, -2214, and -2215. On June 5, 2008, the petitioner pleaded guilty to one count of use of a firearm in the commission of a felony. Case No. CR07-2211. The court sentenced petitioner to a total of forty (40) years in prison: twenty-five (25) for the robbery, five (5) years for each of the abductions, and five (5) years for the use of a firearm in the commission of a felony. The facts underlying the convictions were described by the Virginia Court of Appeals as follow:

    The incident took place at about 10:00 a.m. Quynh Nguyen testified

she viewed the robber for about ten minutes, seeing his face from just below his nose to his forehead because he had a sweater pulled up just beneath his nose. She watched from a distance of about twenty feet as he walked past the business. She observed him while he walked around inside the business before he pointed a gun at her and told her to move. Nguyen was one hundred percent sure of her identification of appellant as the robber, although she said he was heavier at the time of the trial. She also stated he wore camouflage pants.

Nancy Forster noticed a man wearing camouflage clothing exit the alterations business. She thought he did not appear to be a "normal" customer of the business so she "watched him" and he "was looking at her" from a distance of ten to fifteen feet. Forster estimated that she viewed the man "face-to-face" or "eye-to-eye" for five to seven seconds until he pulled his collar up to hide his face.

She testified that appellant's eyes matched the eyes of the man she encountered, although appellant appeared to be heavier than the man she saw leaving the crime scene. Forster viewed a photograph array put together by the police, but she did not identify anyone from the array, which did not contain appellant's photograph.

A forensic scientist testified that the gun recovered from near the crime scene contained a DNA profile consistent with appellant's DNA profile, stating, "[t]he probability of randomly selecting an unknown individual with a DNA profile matching the user profile . . . from the pistol is one in greater than 6.5 billion."

. . .

Appellant forced the victims at gunpoint to move into a bathroom located at the back of the business. When he was told the money was located in the front of the building, appellant shut the bathroom door and asked one of the victims where her purse was located. He then pointed the gun at the victims, and he told them not to scream or he would shoot them. He returned to the bathroom a third time and asked for any money the victims had on their persons. He threatened to shoot the victims again, shut the door, and left.

Slate v. Commonwealth, R. No. 2642-08-1 (Va. App. May 13, 2009) at 2, 3; Resp. Ex. 2.

Slate prosecuted a direct appeal, raising the sole claim that the evidence was insufficient to

2

sustain his convictions. Resp. Exs. 2, 8. By per curiam opinion, the Virginia Court of Appeals dismissed the petition for appeal on May 13, 2009. R. No. 2642-08-1. A three-judge panel reached the same result on July 14, 2009. Resp. Ex. 3. Petitioner sought further review by the Supreme Court of Virginia, but his petition was refused. Slate v. Commonwealth, R. No. 091647 (Va. Nov. 19, 2009); Resp. Ex. 4.

On July 27, 2010, Slate timely filed a petition for a state writ of habeas corpus in the Circuit Court of the City of Chesapeake County, Virginia. In his state petition, Slate brought the following claims:

> A. The circuit court erred in finding the testimony offered against him at trial that identified him as the perpetrator of the offenses was reliable.[1]
>
> A(1). The DNA analysis conducted in his case, which demonstrated the presence of two additional unknown contributors, casts a reasonable doubt upon his guilt.[2]
>
> B. Petitioner was denied effective assistance of trial counsel when:
>
>> (1). Counsel failed to "properly investigate the evidence," which Slate asserts included photographs provided by his family to counsel that could have undermined the credibility of the identification testimony provided by the Commonwealth's witnesses.
>>
>> (2). Counsel failed to call Ms. Deena Day[3] to testify on his behalf at trial. He alleges that Ms. Day would have provided an alibi for him for the time of the offenses.
>>
>> (3). Counsel failed to consult with him regarding the court interpreter's relationship with one of the Commonwealth's witnesses, which created a conflict of interest between the interpreter and witness.

---

[1] In his state petition, Slate brought four claims, which he labeled "1(A)" - "1(D)," challenging the witnesses' identification of him as the perpetrator. See Resp.'s Ex. 5A. The state court aggregated these claims as petitioner's claim "A." For continuity this Court uses the same labeling.
[2] In his state petition, Slate brought two claims, which he labeled "1(E)" and "1(F)," challenging the DNA analysis that revealed his DNA was on the gun used during the robbery. See Resp.'s Ex. 5A. The state court aggregated these claims as petitioner's claim "A(1)." For continuity this Court uses the same labeling.
[3] In the instant petition, petitioner refers to Deena Day as "Ms. Deena Vrowgindewey." As such, the Court also refers to her as Ms. Deena Vrowgindewey in Part IV.A.2, supra, but uses Deena Day here as this is the name petitioner provided in his state habeas petition.

3

> (4). Counsel failed to fully subject the available evidence in the matter to further DNA analysis.
>
> (5). Counsel rendered ineffective assistance through the cumulative effect on the individual allegations raised by the petitioner.

On November 21, 2011, the court dismissed Slate's petition. Slate v. Clarke, R. No. CL10-1899 (Va. Cir. Nov. 21, 2011). Slate appealed to the Supreme Court of Virginia, which dismissed Slate's claims "A" and "A(1)" because Slate did not perfect the appeal of these claims as required by Rule 5:17(c)(1)(iii)[4] and refused review on Slate's remaining claims. Slate v. Clarke, R. No. 120082 (Va. Aug. 22, 2012).

Slate timely filed the instant application for § 2254 relief on December 12, 2012, bringing the following claims:

> 1(A). Quynh Nguyen's testimony identifying petitioner as the perpetrator was too unreliable to support a conviction.
>
> 1(B). Nancy Forster's testimony identifying petitioner as the perpetrator was too unreliable to support a conviction.
>
> 1(C). Phuc Tong's testimony identifying petitioner as the perpetrator was too unreliable to support a conviction.
>
> (1)(D). Nguyen, Forster, and Tong's conflicting identification of petitioner as the perpetrator was too unreliable to support a conviction.
>
> (1)(E). DNA evidence suggested the culpability of other suspects, casting doubt upon the evidence supporting petitioner's convictions.
>
> (1)(F). Anne Pollard's scientific analysis lacked integrity, and thus was too unreliable to support petitioner's convictions.
>
> 2(A). Counsel rendered ineffective assistance in failing to properly investigate the evidence and prepare for trial.

---

4 Supreme Court of Virginia Rule 5:17(c)(1)(iii) requires assignments of error to identify error in the court ruling from which the appeal is taken.

4

2(B). Counsel rendered ineffective assistance in failing to call an alibi witness for the defense, and in failing to investigate and prepare for trial.

2(C). Counsel rendered ineffective assistance in failing to consult with the petitioner regarding an alleged conflict of interest between the victim and the interpreter employed at trial.

2(D). Counsel rendered ineffective assistance in failing to present a meaningful defense and failing to test the Commonwealth's evidence.

2(E). Counsel rendered ineffective assistance in failing to present evidence and witnesses that were available to him.

On October 28, 2013, respondent filed a Rule 5 Answer and a Motion to Dismiss, along with a supporting brief and exhibits. Petitioner filed a reply on December 18, 2013. Accordingly, the petition is now ripe for disposition.

## II. Procedural Bar

Slate's claims 1(E) and 1(F) are procedurally barred from review on the merits. A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris, 489 U.S. at 259. Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton v. Parrigan, 215 Va. 27, 29-30, 205 S.E.2d 680, 682 (1974) constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).

5

When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

The Circuit Court of the City of Chesapeake explicitly cited Slayton and held that claims 1(E) and 1(F) were defaulted. Further, the Supreme Court of Virginia also found that Slate had defaulted claims 1(E) and 1(F) when he failed to comply with Va. Sup. Ct. Rule 5:17(c)(1)(iii) because Slate alleged errors at his trial instead of alleging what errors his trial court made in its ruling. As the Fourth Circuit has held that Rule 5:17(c) and Slayton are independent and adequate state law grounds to bar federal review, these claims are now barred from review. See Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006); Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999); Mu'Min, 125 F.3d at 196-97.

Slate argues that these claims should not be procedurally barred pursuant to Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012). Pet'r's Reply to Resp't Mot. Dismiss [hereinafter Pet'r's Reply] 1. In Martinez, the Supreme Court made a narrow exception to its previous holding in Coleman v. Thompson, which held that the presence of ineffective assistance of counsel will not excuse a procedural default. 132 S.Ct. at 1318-19. The Martinez Court held that "[w]here, under

state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1320. The Court cautioned that its holding was extremely narrow and that Coleman would govern "in all but the limited circumstances recognized here." Id. As such, Martinez does not apply to petitioner's claims 1(E) and 1(F) because these are not ineffective assistance of counsel claims. Therefore, claims 1(E) and 1(F) of this petition are procedurally barred from consideration on the merits.

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

## IV. Analysis

### A. Claims 1(A), (B), (C) and (D): Witness Identification

In these claims, Slate alleges that the testimony of Quynh Nguyen, Nancy Forster, and Phuc Tong was unreliable and suggestive because the witnesses' identifications oh him failed to meet the factors laid out in Neil v. Biggers, 409 U.S. 188 (1972). When the petitioner challenged the sufficiency of the witnesses' identification in his direct appeal,[5] the Court of Appeals of Virginia held:

> The jury accepted the identification evidence of the witnesses, which was competent and was not inherently incredible. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138,455 S.E.2d 730,732 (1995). The two eyewitnesses had ample opportunity to view the robber, their descriptions of him were similar, and they were certain of their identifications of him. In addition, any inconsistencies in their testimony were minor and were "not such as to render the evidence incredible as a matter of law." Crump v. Commonwealth, 20 Va. App. 609,619,460 S.E.2d 238,242 (1995). Moreover, the DNA evidence supported their identification. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offense.

Slate v. Commonwealth, R. No. 2642-08-1, 2-3 (Va. Cir. May 13, 2009).

In evaluating the sufficiency of the evidence to support a conviction, it is not the role of a federal court to review the credibility of witnesses. Marshall v. Lonberger, 459 U.S. 422, 434 (1983); United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Instead, the federal court is bound by credibility determinations made by the state court trier of fact.

---

5 When petitioner raised these claims in his state habeas petition, the Circuit Court for the City of Chesapeake held that the claim was "not cognizable in a habeas corpus review pursuant to Henry v. Warden, 265 Va. 246, 576 S.E. 2d 495 (2003) (holding that a claim raised and decided at either trial or on direct appeal will not be considered in a habeas proceeding.)" As such, the Court of Appeals of Virginia's Order that denied petitioner's direct appeal is reviewed. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991).

United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). In this case, Slate's arguments regarding the witnesses' identification of him as the perpetrator amount to no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him, a course of action which plainly is prohibited by the foregoing authorities. Further, the Virginia Court of Appeals correctly looked to Neil v. Biggers, 409 U.S. 188 (1972), the relevant federal law, in holding that "the identification evidence of the witnesses, [] was competent and was not inherently incredible." Slate, R. No. 2642-08-1 at 2-3. As such, Slate has failed to satisfy his burden of showing that the rejection of his claims by the Virginia Court of Appeals was either an unreasonable determination of the facts or an unreasonable application of federal law. Williams, 529 U.S. at 412-13. Accordingly, claims 1(A), (B), (C), and (D) will be dismissed.

B. <u>Claims 2 (A), (B), (C), (D), and (E): Ineffective Assistance of Counsel</u>

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. at 668 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

9

To satisfy <u>Strickland</u>'s prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. In this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>; <u>accord</u> <u>Lovitt v. True</u>, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the <u>Strickland</u> test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." <u>Spencer</u>, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. <u>See</u> <u>Quesinberry v. Taylore</u>, 162 F.3d 273, 278 (4th Cir. 1998).

The Supreme Court of Virginia refused further review of Slate's state habeas petition by its August 22, 2012 order. Because the Circuit Court of the City of Chesapeake's order was the last reasoned state court decision on petitioner's ineffective assistance of counsel claims, its reasoning is imputed to the Supreme Court of Virginia. <u>See</u> <u>Ylst</u>, 501 U.S. at 806. As such, only the Circuit Court of the City of Chesapeake's Order is reviewed below.

1. Claim 2(A)

In claim 2(A), Slate alleges that "trial counsel failed to properly investigate the evidence, the facts of the case, and be prepared for trial." Mem. Supp. Pet. 10; docket # 2. Specifically, Slate argues that his counsel was ineffective for failing to "investigate and present to the jury 'photo evidence,'" which Slate asserts would have shown that at the time of the offense he had tattoos on

his right eye, making it impossible for him to have fit the description of the perpetrator. Mem. Supp. Pet. 24; docket # 2. When Slate raised this claim in his state habeas petition, the Circuit Court of the City of Chesapeake ruled as follows:

> Notwithstanding these allegations, trial and appellate counsel nevertheless fully litigated the issue of discrepancies within the witnesses' testimony describing the physical characteristics of the perpetrator of the offense. Despite this, as the Court of Appeals noted:
>
>> The two eyewitnesses had ample opportunity to view the robber, their descriptions of him were similar, and they were certain of their identifications of him. In addition, any inconsistencies in their testimony were minor and were 'not such as to render the evidence incredible as a matter of law.' Moreover, the DNA evidence supported their identification. (citation omitted).
>
> In light of the record evidence in this matter, regardless of Slate's characterization of the alleged photographs taken of him prior to the offense, no reasonable probability exists that the outcome at trial would have differed had such evidence been introduced. The witnesses were certain that Slate was the perpetrator of the offense, and the scientific evidence conclusively established that "the probability of randomly selecting an unknown individual with a DNA profile matching [that of Slate's recovered] . . . from the pistol is one in greater than 6.5 billion." (Citation omitted). Accordingly, Slate has failed to carry his burden to demonstrate the requisite prejudice that is required pursuant to Strickland to prevail upon a claim of ineffective assistance in habeas corpus review.

Slate v. Clark, R. No. CL10-1899, 9-10 (Va. Cir. Ct. Nov. 21, 2011). For the reasons expressed in the state court's order, its rejection of Slate's present claim was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts. Therefore this claim will be dismissed. See Williams, 529 U.S. at 412-13.

2. Claim 2(B)

In claim 2(B), Slate alleges that his trial counsel was ineffective for failing to call an alibi witness. Specifically, he asserts that his counsel "failed to follow-up on leads, pursue avenues of

11

investigations of the evidence," and failed to contact Ms. Deena Vrowgindewey.[6] Mem. Supp. Pet. 25-26; docket # 2. Slate argues that Ms. Vrowgindewey was prepared to testify that she was out of town with Slate during the robbery. Id. When Slate raised this claim in his state habeas petition, the Circuit Court of the City of Chesapeake held:

> [a]lthough Slate maintains that [Vrowgindewey's] testimony would have provided him with an alibi for the time of the offense, he has nevertheless failed to present a sworn affidavit from [her] establishing what the content of her testimony at trial would have been. This failure to proffer is fatal to his claim. See Muhammed v. Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007) (failure to proffer affidavits regarding testimony witness would have offered is fatal to Strickland claims). Cf. Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."). See also Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (petitioner must allege "what an adequate investigation would have revealed."). Under these circumstances, Slate cannot meet his burden under either prong of the Strickland test with respect to the issue of calling [Vrowgindewey's] as a witness. Accordingly, [this claim] must necessarily fail as well.

Slate v. Clark, R. No. CL10-1899, 10-11 (Va. Cir. Ct. Nov. 21, 2011).

The state habeas court's denial of relief on petitioner's claim 2(B) was in accord with applicable federal authorities. In federal jurisprudence it is well established that a claim of ineffective assistance predicated on a failure to call witnesses fails where affidavits verifying the witnesses' testimony are not provided. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir.), cert. denied, 499 U.S. 982 (1991) (in the absence of particulars as to what an adequate investigation would have revealed or a proffer of what absent witnesses would have said, a claim of ineffective assistance based on general assertions that additional witnesses should have been called will not lie). Here then, where it is clear that Slate offered no affidavits to demonstrate what favorable evidence or testimony Ms. Deena Vroegindewey would have produced at his trial, the

---

6 In his state petition, Slate refers to Ms. Deena Vrowgindewey as "Deena Day."

state court's rejection of claim 2(B) was not based on a reasonable determination of the facts, and was not contrary to or an unreasonable application of clearly established federal law. Accordingly, the same result must occur here. Williams, 529 U.S. at 412-13.

3. Claim 2(C)

In claim 2(C), Slate alleges that his trial counsel was ineffective for failing to "consult with him or present to the court the potential conflict of interest between the victim" and the court interpreter. Specifically, he asserts that the interpreter "was good friends with the . . . victim." Mem. Supp. Pet. 26 ("[The interpreter's] wife is the godmother of the victim Nguyen's daughter.") (internal parenthesis omitted); docket # 2. When Slate raised this claim in his state habeas petition, the Circuit Court of the City of Chesapeake held:

> Notwithstanding this claim, Slate has failed to allege that the interpreter in any way failed to accurately interpret the testimony provided by Quynh Nguyen. Accordingly, the petitioner has not plead sufficient facts demonstrating either the deficient performance of counsel or resulting prejudice that he required to establish pursuant to Strickland. See also Va. Code §8.01-654(8)(2); Fitzgerald, 6 Va. App. at 44, 366 S.E.2d at 618 (the habeas petition must allege sufficient facts which would support the conclusion of law advanced and mere conclusions or opinions of the pleader will not suffice). Thus, claim [2(C)] must be denied and dismissed.

Slate v. Clark, R. No. CL10-1899, 11-12 (Va. Cir. Ct. Nov. 21, 2011).

Slate has come forward with nothing to indicate that counsel worked to his actual and substantial disadvantage, such that the trial was tainted with errors of constitutional dimension. Cf. Murray v. Carrier, 477 U.S. 478, 494 (1986). Indeed in his petition, Slate only argues that there was a "potential bias." Mem. Supp. Pet. 28. Under these circumstances, where Slate has failed to demonstrate that the foregoing determination was either contrary to clearly established federal law or based on an unreasonable determination of the facts, the state court's determination that petitioner's claim warranted no relief must be allowed to stand. See Williams, 529 U.S. at

412-13.

### 4. Claim 2(D)

In claim 2(D), Slate alleges that his trial counsel was ineffective for failing to "present a meaningful defense." Mem. Supp. Pet. 27; docket # 2. Specifically, petitioner alleges that his counsel "failed to conduct any pre-trial investigation, interview any witnesses, review any evidence available to him, impeach the witnesses' testimony of such prior inability to identify this petitioner," and investigate "the possibility that DNA profiles would have pointed to other potential suspects." Mem. Supp. Pet. 27. When Slate raised this claim in his state habeas petition, he stated his claims in different terms alleging that counsel was ineffective in failing to conduct an independent analysis of the Commonwealth's evidence. To the extent that petitioner now presents an argument which was not exhausted, those claims are barred from federal review. See infra Part II. In reviewing Slate's claim, the Circuit Court of the City of Chesapeake held:

> In [this claim] Slate maintains that counsel rendered ineffective assistance in failing to seek the further scientific testing of evidence recovered in this case. Slate argues that a blue fleece shirt and the fibers and hair detected thereon should have been submitted for DNA analysis in light of the discovery of additional DNA contributors to the sample obtained from the Daisy B.B. gun. (Pet. at p. 9). However, in making such an allegation, the petitioner has failed to proffer what result any such testing would have revealed. He merely concludes, in the absence of any evidence, that the testing of this material would have been favorable to him. Slate's failure to proffer is fatal to his claim. Beaver, 93 F.3d at 1195 ("an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."). See also Bassette, 915 F.2d at 940-41 (petitioner must allege "what an adequate investigation would have revealed.").
>
> In the absence of a proffer describing the nature and significance of evidence claimed to have gone un-presented at trial, the petitioner has failed to show that a reasonable probability exists that, but for the alleged error of counsel, the result of the petitioner's criminal proceeding would have been different. See Strickland, 466 U.S. at 694. Accordingly, the petitioner cannot establish the requisite prejudice under Strickland necessary to prevail upon this claim of ineffective assistance of

14

counsel.

Slate v. Clark, R. No. CL10-1899, 12-13 (Va. Cir. Ct. Nov. 21, 2011).

The Virginia Court of Appeals reasonably found that Slate failed to show there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694. As such, it cannot be said that the state court's adjudication of petitioner's claim "resulted in an outcome that cannot reasonably be justified." See Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3rd Cir. 2005). Nor can it be said that "Supreme Court precedent requires an outcome contrary to that reached by" the state court. See id. Therefore, the state court's adjudication of Slate's claim did not "result[ ] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1); see also Williams, 529 U.S. at 412-13. Accordingly, this claim does not warrant habeas relief.

5. Claim 2(E)

In claim 2(E), Slate alleges that his trial counsel was ineffective for failing to "present material evidence" that would show "Quynh Nguyen and Nancy Foster misidentified" him as the perpetrator, failing to call an alibi witness, and failing to object to the interpreter. Mem. Supp. Pet. 27-29; docket # 2. When Slate raised this claim in his state habeas petition, the Circuit Court of the City of Chesapeake held:

> In [this claim], Slate articulates a claim alleging that the errors of counsel through their effect in combination with one another served to prejudice him and deny him a fair trial. However, it has been clearly established that where each of a Petitioner's individual claims are without merit, such meritless claims cannot demonstrate a constitutional deprivation of the right to effective assistance of counsel merely by considering them in their collective state. See Lenz v. Warden, 267 Va. 318, 340, 593 S.E.2d 292, 305 (2004) (citing Mueller v. Angelone, 181 F.3d 557, 586 n.22

(4th Cir. 1999); Fisher v. Angelone, 163.F3d 835, 852 (4th Cir. 1998)). Therefore the petitioner's claim B(S) is without merit and must fail.

Slate v. Clark, R. No. CL10-1899, 11-12 (Va. Cir. Ct. Nov. 21, 2011).

In Fisher v. Angelone, the court held that "ineffective assistance of counsel claims, like claims of trial court error, must be reviewed individually, rather than collectively." 163 F.3d 835, 854 (4th Cir. 1998). As such, the state court's decision that Slate's claims did not deny him effective assistance of counsel when considered collectively was not an unreasonable application of clearly established Federal law. See Williams, 529 U.S. at 412-13. Therefore this claim will be dismissed.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition for habeas corpus relief will be granted, and the petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 8th day of July 2014.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia